**Rudy VALADEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39746.**

Court of Criminal Appeals of Texas.

Oct. 19, 1966.

Rehearing Denied Nov. 23, 1966.

Gib Callaway, Frederick G. Harmon, Brownwood, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The conviction is for murder; the punishment, thirty years.

On a former appeal this cause was reversed for an error in the charge. It is reported in Tex.Cr.App., 385 S.W.2d 239.

The facts here are substantially the same as those related in the reported opinion. The evidence adduced on the instant trial has been examined and considered and is sufficient to support the conviction.

Appellant contends that the trial court erred in overruling his motion to quash the indictment on the ground that Latin Americans had been excluded from the grand jury.

Proof was offered that the appellant is a Latin American, that he was arrested immediately after the deceased was killed, and also other proof was introduced in support of the motion.

The indictment was returned into the District Court of Brown County on August 27, 1963, alleging the offense to have been committed on or about July 12, 1963. The first trial of this cause in November, 1963, in Brown County, resulted in a hung jury. The judge, on his own motion, then transferred said cause to Coleman County, another county in the same judicial district. The appellant was found guilty on the second trial in April, 1964, and his punishment was assessed at twenty-five years. This conviction was reversed on appeal on December 2, 1964. (385 S.W.2d 239). The third trial resulted in a verdict of guilty on November 10, 1965, with the punishment assessed at thirty years and this cause is now before us for review.

After the verdict in the instant case on November 10, 1965, the appellant on December 9, 1965, for the first time filed a motion to quash the indictment on the ground that Latin Americans had been excluded from the grand jury. On January 5, 1966, the motion to quash was heard and overruled.

Art. 358 C.C.P. (Now Art. 19.27 C.C.P.) provided as follows:

"Before the grand jury has been impaneled, any person may challenge the

array of jurors or any person presented as a grand juror. In no other way shall objections to the qualifications and legality of the grand jury be heard. Any person confined in jail in the county shall upon his request be brought into court to make such challenge."

■ A motion to set aside an indictment should be made at the first opportunity. Tyson v. State, 146 Tex.Cr.R. 128, 171 S.W.2d 496.

In Armentrout v. State, 138 Tex.Cr.R. 539, 135 S.W.2d 479, a motion to quash an indictment on the ground that the grand jury was illegally constituted was made, and the court held that where one has been arrested and charged and has an opportunity to challenge the array he must do so.

■ In considering a similar contention in Michel v. State of Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1965), the United States Supreme Court refused to consider the petitioners' contention that the grand jury which indicted them was improperly constituted. The court's judgment was based on the fact that Louisiana law required all objections to the manner of selection or the composition of the grand jury be made before entering upon the trial of the case, and objections not made within this time period were waived. No objection was made by the petitioners to the composition of the grand jury within the time allowed by Louisiana law. The United States Supreme Court said:

"It is beyond question that under the Due Process Clause of the Fourteenth Amendment Louisiana may attach reasonable time limitations to the assertion of federal constitutional rights. More particularly, the State may require prompt assertion of the right to challenge discriminatory practices in the make-up of a grand jury. [350 U.S. at 97, 76 S.Ct. at 162.] 'No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right * * *.' " 350 U.S. at 99, 76 S.Ct. at 163. See United States v. Sigler, D.C., 234 F.Supp. 171 (1964).

■ It is evident that the appellant was afforded reasonable opportunity to make objections to the manner of selecting, drawing and impaneling the grand jury, but he failed to timely object to the composition of the grand jury as required by the state law. The refusal of the motion to quash the indictment was not error.

Appellant contends that the trial court committed "Error in charging and failing to apply Article 1223, [Vernon's Ann.] Penal Code."

Art. 1223, supra, is set out in the charge.

■ The charge defines a "deadly weapon" as one "which from the manner used is calculated or likely to produce death or serious bodily injury." It further instructs the jury that if the deceased in attacking Alvin Valadez was using a deadly weapon, as defined, then the law presumed that the deceased intended to murder Alvin Valadez; and also it charged that if it reasonably appeared to the appellant viewed from his standpoint alone, that Alvin Valadez was in danger of death or serious bodily injury at the hands of the deceased, then he would be justified in killing the deceased, and if they had a reasonable doubt thereof to acquit the appellant.

The charge as a whole adequately protects the rights of the appellant, and no reversible error is presented.

It is insisted that the trial court erred in submitting a charge on provoking the difficulty.

■ Upon arriving home, the appellant saw Alvin Valadez and first learned that Alvin had been in a fight at the home of Romero which was about five blocks away. Then appellant entered his home, obtained his pistol and some cartridges, loaded the pistol, and went to Romero's and entered

the residence without an invitation, and after a brief time he shot and killed the deceased in the house. The evidence was sufficient to raise the issue and the court did not err in charging on provoking the difficulty. Muckleroy v. State, 165 Tex. Cr.R. 629, 310 S.W.2d 315; Tew v. State, Tex.Cr.App., 379 S.W.2d 893.

The judgment is affirmed.

Opinion approved by the Court.