**Phillip Newton BARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00552–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1987.

Ronald G. Mock, Joyce F. Jones, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Harris County Asst. Dist. Atty., Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

DUNN, Justice.

A jury convicted appellant of capital murder, and the court assessed punishment at life imprisonment.

Appellant was found guilty of murder for promise of remuneration under section 19.03(a)(3) of the Texas Penal Code (Vernon Supp.1985). The conviction was based on appellant's written confession that he shot and killed James Sizemore, for one-half of the insurance proceeds promised by the victim's wife, Lou Ann Sizemore. Appellant and Lou Ann had become sexually involved after casually meeting at a service station less than two months prior to the killing. Appellant alleged in his confession that Lou Ann was present at the shooting, helped him hide the body, and then, under the pretense of needing to cash a check, took him to a grocery store where she suddenly started shouting, "you killed my husband." Appellant fled and was later picked up by police.

In addition to the theory of murder for remuneration, the indictment contained alternative theories for capital murder including murder committed in the course of burglary and sexual assault upon the victim's wife, all of which were dropped immediately prior to trial. Lou Ann Sizemore was never charged nor called to testify, and any statements she made to the police, or anyone else, were inadmissible hearsay.

■ In point of error one, appellant argues that the trial court committed reversible error in overruling his motion to quash the indictment for capital murder on two grounds. First, he complains that the indictment failed to apprise him under which of the alternate theories he would be tried. This ground was not raised in any of appellant's four motions to quash, and thus is not properly before the Court. *See Vanderbilt v. State*, 629 S.W.2d 709, 721 (Tex. Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982).

■ Second, appellant argues that the murder for remuneration charge fails to allege who promised the remuneration. This ground was raised in one of his motions to quash; however, that particular motion was not filed until after jury selection. A motion to set aside an indictment should be made at the first opportunity, *Valadez v. State*, 408 S.W.2d 109, 111 (Tex. Crim.App.1966), and must be presented prior to announcement of ready. *Wilson v. State*, 398 S.W.2d 291, 293 (Tex.Crim.App. 1966) (op. on reh'g). Appellant, therefore, has waived any error. Furthermore, even if the motion had been timely filed, the record fails to reflect that the alleged defect had an impact on appellant's ability to prepare a defense, the second prong required for reversal based on a defective indictment. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986).

Point of error one is overruled.

■ In point of error two, appellant contends that the evidence is insufficient to support a conviction for capital murder on the basis of the State's failure to adequately prove the remuneration element.

The standard of review in a challenge to the sufficiency of the evidence to sustain a criminal conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986).

Appellant urges that no rational trier of fact could have believed that appellant was guilty of murder for hire when the State demonstrated, contrary to appellant's confession, that the alleged hirer was not criminally liable. This contention is based on the testimony of Officer Yarbrough stating why another person was not charged. However, Officer Yarbrough did not testify that another person was not criminally liable, but that there was insufficient evidence to charge her. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (inadmissibility of co-defendant's confession); Tex.Code Crim.P. Ann. art. 38.14 (Vernon 1979) (corroboration required for accomplice witness's testimony).

■ The testimony that there was insufficient evidence to charge the other party

would not preclude a rational juror from finding appellant guilty of murder for hire based solely on his confession. A confession that is a full and complete admission of guilt is sufficient evidence to sustain a conviction. *Marini v. State*, 593 S.W.2d 709, 714 (Tex.Crim.App.1980).

Point of error two is overruled.

■ Points of error three and five both deal with the voluntariness of appellant's confession. In point of error three, appellant contends that the trial court's refusal to allow appellant to take the stand before the jury, for the limited purpose of contesting the voluntariness of his confession, violated his self-incrimination and due process rights.

"It has been the consistent rule for many years that an accused may not take the witness stand before a jury for a limited purpose." *Myre v. State*, 545 S.W.2d 820, 825 (Tex.Crim.App.1977). If he testifies before the jury, he is subject to cross-examination, the same as all other witnesses. *Id.* "No constitutional violation is presented by the fact of a difficult decision for a defendant" as to whether or not to testify. *Cantu v. State*, 738 S.W.2d 249 (Tex.Crim. App.1987) (not yet reported). There is no validity in appellant's attempt to distinguish *Cantu* by the fact that he was relying on a different self-incrimination right. Nor has he cited any authority to support his argument that the facts of the instant case constitute an exception to the rule that a defendant waives his privilege against self-incrimination if he chooses to testify.

Point of error three is overruled.

In point of error five, appellant argues that the trial court erred in refusing to submit a jury instruction on the issue of the voluntariness of his confession, contending that the issue was raised, "albeit slimly," by questions asked a prosecution witness.

■ "If evidence offered before the jury did not raise the issue of voluntariness, appellant was not entitled to a jury charge on the matter." *Wagner v. State*, 687 S.W. 2d 303, 307 (Tex.Crim.App.1984). Where appellant did not testify before the jury, nor call any witness on the issue of voluntariness, there was no evidence before the jury that raised the issue of voluntariness. *Myre*, 545 S.W.2d at 825.

■ Appellant cites *Jones v. State*, 587 S.W.2d 115 (Tex.Crim.App.1979) (op. on reh'g), and *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim.App.1984), as supporting by analogy his contention that the mere questions asked a police officer on cross-examination concerning the circumstances surrounding the taking of appellant's confession, absent any evidence of involuntariness, are sufficient to raise the issue of voluntariness. While both cases cited allow evidence presented on cross-examination to raise the particular issues in question, neither case supports the contention that mere questions on cross-examination are sufficient.

The issue of voluntariness was not raised, and thus, the trial court did not err in refusing to submit a jury instruction on the issue.

Point of error five is overruled.

In point of error four, appellant contends that his due process rights were violated when a police officer witness volunteered that appellant had been requested to take a polygraph after he gave his written confession.

The challenged statement came in response to a series of questions by defense counsel on cross-examination about the events surrounding the taking of appellant's confession. To the question of why the police waited so long before taking appellant in for his magistrate warning, Officer Weber responded, "Well, for one reason ... after typing of the statement, then in between the time that he was taken to the magistrate, we had asked him if he wanted to take a polygraph test." No objection to the statement was made at trial, nor was any other mention made regarding any polygraph test.

■ The general rule is that absent an objection to the admission of evidence, nothing is presented for review. *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App.

1985). However, even if an objection had been made, no error would have occurred. Where a witness gives an unresponsive answer that mentions a polygraph test, but does not mention the results of such test, there is no error in failing to grant a mistrial. *Richardson v. State*, 624 S.W.2d 912, 914–15 (Tex.Crim.App.1981). Because of the ruling in *Richardson* and appellant's failure to object at trial, there is no validity to his contention that this case falls into the exception created in *Crawford v. State*, 603 S.W.2d 874 (Tex.Crim.App.1980), concerning when an instruction to disregard is insufficient.

Point of error four is overruled.

The judgment of the trial court is affirmed.