NO. 12-01-00311-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


GLEN EARL WILLIAMS, §
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION
 

 Appellant Glen Earl Williams was convicted by a jury of sexual assault of a child, a second
degree felony. After finding that an enhancement paragraph was "true," the jury assessed
punishment at ninety-nine years of imprisonment and a $5,000.00 fine. On appeal, Appellant argues
that the trial court lacked jurisdiction, that the State unlawfully used its peremptory strikes to remove
all black venirepersons, and that the trial court erred when it denied his motion for mistrial after a
witness testified that Appellant had taken a polygraph test. Appellant also complains that the
evidence is legally and factually insufficient, that the sentence was grossly disproportionate to the
offense committed, and that all of the above complaints, taken together, constitute reversible error. 
We affirm.


Background

 L.S. accused Appellant, who was married to L.S.'s mother, of attempting to have sex with
her on numerous occasions. L.S. testified that on one such occasion, and possibly more, Appellant
inserted his finger into her vagina. At trial, L.S.'s brothers both testified that they had seen Appellant
on top of L.S., groping her and feeling of her in a sexual manner. One brother stated that when he
saw this occur, Appellant did not have on any clothing. Three of Appellant's relatives, however,
testified that L.S. had told them that she made up the story in order to get rid of Appellant. There
was no physical evidence of the assault. The jury found Appellant guilty of sexual assault of a child. 

 During the punishment phase of the trial, Appellant pleaded true to the enhancement
paragraph in the indictment. Further, the jury heard testimony that Appellant had also sexually
assaulted L.S.'s sister. After deliberations, the jury assessed punishment at ninety-nine years in
prison and a $5,000.00 fine. Appellant did not complain to the trial court of the excessiveness of the
punishment, nor did he move for a new trial on this issue. 


Jurisdiction

 In his first issue, Appellant complains that the trial court which heard the trial and rendered
judgment against him did not have jurisdiction, making the conviction void. He bases this
contention upon the fact that Judge Diane Devasto, District Judge of the 241st District Court heard
all pre-trial motions, while Judge Carole Clark of the 321st District Court presided over the trial. 
Appellant argues that since there was no official transfer of the case to the 321st, the court lacked
jurisdiction to render judgment against Appellant. We disagree. 

 The Texas Constitution states in part that "the district judges may exchange districts, or hold
courts for each other when they deem it expedient, and shall do so when required by law." Tex.
Const. art. V, § 11; see Davila v. State, 651 S.W.2d 797, 799 (Tex. Crim. App. 1983); Tex. Gov't
Code Ann. § 74.094 (Vernon 1998) (a district judge may hear and determine matters pending in any
district court in the county regardless of whether the matter is preliminary or final or whether there
is a judgment in the matter, and his judgments, orders or actions are valid and binding as if the case
were pending in his own court). Furthermore, section 24.303 of the Government Code states that
"in any county in which there are two or more district courts, the judges of those courts may . . . in
their discretion, exchange benches or districts from time to time." Tex. Gov't Code Ann. § 24.303
(Vernon 1998). 

 There is nothing in the record that indicates the case was transferred to the 321st. Instead,
it is clear that Judge Clark presided over this case for Judge Devasto and was authorized to do so by
the above-cited authorities. We overrule issue one.



Batson Challenge

 In his second issue, Appellant complains that the State used its peremptory strikes to remove
all black venirepersons who could have served on the jury. The Equal Protection Clause of the
United States Constitution prohibits a party from using peremptory challenges to exclude otherwise
qualified and unbiased persons from a jury solely on the basis of their race. Batson v. Kentucky, 476
U.S. 79, 88, 106 S. Ct. 1712, 1718, 90 L. Ed. 2d 69 (1986). The Texas Legislature has codified the
Batson rule in Tex. Code Crim. Proc. Ann. art. 35.261 (Vernon 1989).

 Three steps constitute a proper Batson challenge. Ford v. State, 1 S.W.3d 691, 693-94 (Tex.
Crim. App. 1999). First, the party making the Batson claim must show a prima facie case of racial
discrimination. A prima facie case of discrimination may be made by showing that the totality of
the relevant facts gives rise to an inference of discriminatory purpose. Second, the proponent of the
strike must rebut the opponent's prima facie case and come forward with a race-neutral reason for
the strike. Williams v. State, 937 S.W.2d 479, 485 (Tex. Crim. App. 1996). This explanation need
not be persuasive or even plausible. Purkett v. Elem, 514 U.S. 765, 768, 115 S. Ct. 1769, 1771, 131
L. Ed. 2d 834 (1995). Thus, if the proponent of the strike produces a race-neutral reason for the
strike, the court determines whether the movant carried his burden of persuasion by proving
purposeful discrimination. Miller-El v. Cockrell, __ U.S. __, 123 S. Ct. 1029, 1040, 154 L. Ed. 2d
931 (2003). In this final step, the critical issue becomes the persuasiveness of the proponent's
reason. Id. 

 The trial court's ruling on a Batson challenge is a finding of fact and will be overturned on
appeal only on a finding that the decision was clearly erroneous. Guzman v. State, 85 S.W.2d 242,
254 (Tex. Crim. App. 2002); Williams v. State, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991). A
finding is clearly erroneous when, although there is evidence to support the finding, the reviewing
court is left with "the definite and firm conviction that a mistake has been committed." DeBlanc
v. State, 799 S.W.2d 701, 713 (Tex. Crim. App. 1990). We must review the racial makeup of the
venire, the voir dire examination, the prosecutor's explanations, and Appellant's rebuttal and
impeachment evidence in a light most favorable to the trial court's ruling. See Guzman, 85 S.W.2d
at 254. We accord great deference to the trial court's findings of fact. Jasper v. State, 61 S.W.3d
413, 422 (Tex. Crim. App. 2001).

 At the hearing on Appellant's Batson challenge, Appellant argued that his client was an
African-American, that there had been four remaining African-American venirepersons after the
dismissals for cause and agreed excuses, and that the jury was all Caucasian. Appellant argued that
he had shown a prima facie case of discrimination, and that the State now had the burden to give its
reasons for striking the four potential black jurors. The court agreed, and asked the State for its
reasons for using its peremptory strikes against the enumerated persons. The prosecutor responded
that it was her common practice to strike any potential juror who believes that rehabilitation is the
most important theory of punishment in the criminal justice system. She also averred that in this
particular case she struck all venirepersons, both black and white, who stated that rehabilitation
would be of prime importance to them when considering punishment for the defendant. She gave
the numbers of eight venirepersons, four of whom were Caucasian, whom she struck for this reason. 
 After the State offered this explanation as a race-neutral basis for striking the venirepersons,
Appellant offered nothing to prove or suggest that this explanation was a pretext or a sham and, thus,
he did not carry his burden of persuasion. When the trial court is offered no evidence in rebuttal of
the State's race-neutral explanation, we are not in a position to say that we feel a definite and firm
conviction that the trial court erred. Ford, 1 S.W.3d at 693. We hold that the trial court's denial of
the Batson challenge was not clearly erroneous. Accordingly, we overrule Appellant's second issue. 


Polygraph Test

 In his third issue, Appellant complains that the trial court erred in denying his motion for
mistrial when a State's witness testified that Appellant had taken a polygraph, and implied that he
had failed it. Because polygraph testing is inherently unreliable and can be unduly persuasive, the
results of polygraph testing are not admissible for any purpose regardless of whether the evidence
is offered by the State or the defendant. See Nethery v. State, 692 S.W.2d 686, 700 (Tex. Crim.
App. 1985). However, the mere mention of a polygraph examination does not automatically
constitute reversible error. Barker v. State, 740 S.W.2d 579, 583 (Tex. App.- Houston [1st Dist.]
1987, no pet.). 

 In the case before us, the witness briefly stated that Appellant had taken a polygraph, but did
not reveal the results of the test. The court sustained Appellant's objection to the admission of the
evidence that Appellant had undergone a polygraph examination. Appellant did not ask for an
instruction, however, but instead asked for a mistrial. The State suggested that an instruction to
disregard would be appropriate, and the trial court instructed the jury as follows: "You are instructed
to disregard the testimony regarding a polygraph exam, as said polygraph is inadmissible for any
purpose." Appellant did not argue that the instruction was insufficient or that it would not cure error,
nor did he renew his request for a mistrial. To preserve error, a party must object, request that the
jury be instructed to disregard, and request a mistrial; in short, a party must object and pursue his
objection to an adverse ruling. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). In the
present case, Appellant neither requested an instruction to disregard nor a mistrial. Therefore, he
has failed to preserve error, if any. 

 Even if error was not waived, however, we presume the jury followed the court's instruction
in the absence of evidence to the contrary. See Wesbrook v. State, 29 S.W.3d 103, 116 (Tex. Crim.
App. 2000). And Appellant made no showing that the comment was so egregious that the instruction
was not curative. See Faison v. State, 59 S.W.3d 230, 240 (Tex. App.- Tyler 2001, pet. ref'd). For
these reasons, we overrule issue three.


Legal and Factual Insufficiency of the Evidence

 In issues four and five, Appellant contends that the evidence is both legally and factually
insufficient to sustain his conviction for sexual assault of a child. Appellant was charged in the
indictment of intentionally or knowingly causing the penetration of L.S.'s female sexual organ, a
child who was then and there younger than 17 years of age and not the spouse of the defendant, by
defendant's finger. See Tex. Pen. Code § 22.011(a)(2)(A) (Vernon Supp. 2000). 

Legal Sufficiency 

 The standard of review for legal sufficiency of the evidence is whether, viewing the evidence
in the light most favorable to the jury's verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977 S.W.2d 595, 598 (Tex.
Crim. App. 1998). An appellate court should uphold the jury's verdict "unless it is found to be
irrational or unsupported by more than a mere modicum of evidence." Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). All conflicts in the evidence should be resolved in favor of the
verdict, and every reasonable inference indulged. Sneed v. State, 803 S.W.2d 833, 837 (Tex. App.-
Dallas 1991, pet. ref'd). The jury is the exclusive judge of the credibility of the witnesses and of the
weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. 
Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 

 Viewed in the light most favorable to the verdict, and based upon the victim's testimony, the
evidence shows that Appellant penetrated the female sex organ of L.S. with a finger or fingers on
at least one occasion. Further, as to there being no evidence of L.S. being a female, her brother
referred to her as his "sister," and at least two witnesses testified that L.S. had been pregnant and had
given birth. Having reviewed the record, we conclude that a rational trier of fact could have found
the elements of sexual assault of a child beyond a reasonable doubt. Accordingly, the evidence is
legally sufficient to sustain Appellant's conviction. We overrule issue four. 

Factual Sufficiency 

 When reviewing the factual sufficiency of the evidence, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). We review the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it with the evidence that tends to
disprove that fact. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We review the fact
finder's weighing of the evidence and are authorized to disagree with the fact finder's determination. 
Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). This review must employ appropriate
deference to prevent an appellate court from substituting its judgment for that of the fact finder, and
any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the
weight and credibility to be given to the testimony of the witnesses. Jones, 944 S.W.2d at 648. 

 L.S. testified at trial that Appellant would "try to have sex" with her on many occasions when
her mother was either asleep or out of the house. Her two brothers both testified that they saw
Appellant on top of L.S. And L.S. testified that Appellant had placed his finger inside of her vagina
on at least one occasion, and possibly more. There was also evidence that L.S. had a lower than
normal I.Q. On the other hand, several of Appellant's family members testified that L.S. had told
them that Appellant had not done what she had accused him of. Further, there were inconsistencies
within L.S.'s testimony, as well as inconsistencies between L.S.'s testimony and her brothers'. 
However, the jury was the sole judge of the weight and credibility to be given to the testimony of
each of the witnesses. See id. And we presume that the jury reconciled any conflicts in the evidence. 
See Losada, 721 S.W.2d at 309. After a thorough review of the record, we cannot say that the proof
of Appellant's guilt is so greatly outweighed by contrary proof that his conviction should be
reversed. See Johnson, 23 S.W.3d at 11. Consequently, the evidence is factually sufficient to
sustain Appellant's conviction. We overrule issue five. 


Grossly Disproportionate Punishment

 In his sixth issue, Appellant complains that the trial court erred when it rendered judgment
in accordance with the jury's verdict and assessed punishment at ninety-nine years of incarceration. 
He contends that the punishment is grossly disproportionate to the crime, and that it constitutes cruel
and unusual punishment under the Eighth Amendment to the United States Constitution. We note,
however, that Appellant did not assert that his sentence violated his constitutional rights at the time
the sentence was assessed, nor did Appellant raise this issue in a post-trial motion. By failing to
assert his complaint in the trial court, Appellant failed to preserve this issue for appeal. See Jacobs 
v. State, 80 S.W.3d 631, 632-33 (Tex. App.- Tyler 2002, no pet.). Because this is not the type of
error that can be asserted the first time on appeal, Appellant has waived any possible error. See
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); see also Fluellen v. State, 71 S.W.3d
870, 873 (Tex. App.- Texarkana 2002, pet. ref'd); Tex. R. App. P. 33.1. 

 Even if properly preserved, Appellant's contention is unavailing. Texas courts have
traditionally held that, as long as the punishment is within the range prescribed by the Legislature
in a valid statute, the punishment is not excessive, cruel, or unusual. See, e.g., Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973); Jacobs, 80 S.W.3d at 633. The offense of sexual assault
of a child is a second degree felony, with a punishment range of two to twenty years in prison. Tex.
Pen. Code § 22.011(f) (Vernon Supp. 2000). But Appellant pleaded true to the enhancement
paragraph, which increased the range of punishment to that of a first degree felony. Tex. Pen. Code
§ 12.42(c)(1) (Vernon Supp. 2000). First degree felonies are punishable by a term of imprisonment
for life or for a term of years of not more than ninety-nine or less than five. Tex. Pen. Code §
12.32(a) (Vernon Supp. 2000). As Appellant's sentence of ninety-nine years in prison falls within
this range, his sentence traditionally would not constitute excessive, cruel, or unusual punishment. 
However, courts are now recognizing that a prohibition against grossly disproportionate punishment
survives under the Eighth Amendment apart from any consideration of whether the punishment
assessed is within the range established by the Legislature. See Fluellen, 71 S.W.3d at 873. 

 In spite of his failure to preserve error, Appellant urges us to perform the three-part test set
out in Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983) to
determine if his punishment is a violation of the Eighth Amendment. Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Id. However,
before we consider the second and third elements of the test, we must first conduct a threshold
determination of gross disproportionality between the sentence and the crime. McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992);
Lackey v. State, 881 S.W.2d 418, 421 (Tex. App.- Dallas 1994, pet. ref'd). We should be guided
in our analysis by Rummel v. Estell, 445 U.S. 263, 265-66, 100 S. Ct. 1133, 1135, 63 L. Ed. 2d. 382
(1980). McGruder, 954 F.2d at 317. And if we do not find the punishment to be disproportionate
to the crime, it is unnecessary to address the two remaining prongs of the Solem test. Id. at 316;
Jacobs, 80 S.W.3d at 633-34. In Rummel, the appellant received a mandatory life sentence under
a prior version of the Texas habitual offender statute. Rummel, 445 U.S. at 267, 100 S. Ct. at 1135. 
The appellant was assessed this punishment for obtaining $120.75 by false pretenses, after having
previously been convicted of two other felonies. Id. The Supreme Court held that the appellant's
life sentence did not constitute cruel and unusual punishment. Id., 445 U. S. at 285, 100 S. Ct. at
1145. In comparison, Appellant committed a crime against a person rather than against property. 
Further, the crime was perpetrated upon a minor and the offense, by its very nature, was more serious
and had the potential for causing severe emotional harm to the victim. We hold, therefore, that the
punishment in this case is not grossly disproportionate to the crime. Consequently, since the
threshold test is not satisfied, we need not apply the remaining elements of the Solem test. (1) 
Accordingly, for the reasons set forth above, we overrule issue six. 


Cumulative Error

 In his seventh and final issue, Appellant argues that even if none of the aforementioned
"errors" require reversal, when considered as a whole, "the properness of the jury's verdict and
sentence is compromised. In the interest of justice, Appellant should at least receive a new trial." 
Appellant, however, fails to cite any authority for this proposition. In accordance with rule 38.1(h)
of the Texas Rules of Appellate Procedure, we will only consider contentions that are supported by
clear and concise arguments with appropriate citations to authorities. Tex. R. App. P. 38.1(h). We
find this issue to be inadequately briefed. See Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App.
2000). Accordingly, we overrule Appellant's seventh issue.

 We affirm the judgment of the trial court.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered April 16, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.







(DO NOT PUBLISH)



1. But even if Appellant's sentence was grossly disproportionate to the crime, and we continued the Solem
analysis, we note that there is no evidence in the appellate record of the sentences imposed on criminals in Texas or
other jurisdictions who committed a similar offense; therefore, we could not have engaged in a comparative
evaluation. See Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.- Tyler 1996, pet. ref'd).