11th Court of Appeals
Eastland, Texas
Opinion
 
Jerry Leon Fry, Jr. 
            Appellant
Vs.            No. 11-03-00002-CR – Appeal from Howard County
State of Texas 
            Appellee
 
            The jury convicted Jerry Leon Fry, Jr. of the aggravated sexual assaults of his minor step-granddaughters, Kr. S., K. S., and H. S. The jury assessed punishment at 99 years confinement for
each of the offenses. The trial court sentenced appellant based on the jury’s assessment, ordering
that the 99-year sentences run concurrently. On appeal, appellant raises two issues, complaining of
(1) testimony regarding a polygraph examination and (2) jury charge error. We affirm.
Background Facts
            The grand jury indicted appellant for the offenses of aggravated sexual assault in three
separate counts. In Count I, the indictment alleged that appellant, on or about April 30, 2002,
intentionally and knowingly caused the penetration of the female sexual organ of Kr. S. by
appellant’s finger. In Count II, the indictment alleged that appellant, on or about April 30, 2002,
intentionally and knowingly caused the penetration of the female sexual organ of K. S. by appellant’s
tongue. In Count III, the indictment alleged that appellant, on or about April 30, 2002, intentionally
and knowingly caused the penetration of the female sexual organ of H. S. by defendant’s sexual
organ.
            During trial, the State called Howard County Deputy Sheriff Scott Ginetti as a witness.
Deputy Ginetti was the investigating officer in this case. During cross-examination, appellant’s
counsel asked Deputy Ginetti whether he had ever measured a doll house that was on appellant’s
property. Deputy Ginetti said that he had not measured the doll house and that the only time he had
gone back to appellant’s residence was to inform appellant of a tentative polygraph date. Appellant’s
counsel objected to the “polygraph” testimony as nonresponsive, and the trial court sustained the
objection. The trial court also struck the testimony from the record. Appellant’s counsel then moved
for a mistrial on the ground that the “polygraph” testimony was irreparably harmful. The trial court
dismissed the jury and had the court reporter read back the “polygraph” testimony. After a recess,
the trial court instructed the jury regarding the reference to the polygraph. The trial court informed
the jury that results of polygraphs were not admissible as evidence, that there was no evidence that
the defendant had refused to take a polygraph examination, and that the jury should disregard the
evidence in its entirety. After the trial court’s instructions, the prosecutor also moved for mistrial. 
The prosecutor asserted that the trial court’s instructions prejudiced the State’s case because they
compared appellant to a “perfectly innocent” person. The trial court denied both motions for
mistrial. Appellant’s counsel moved the trial court to poll the individual jury members “as to the
Court’s instruction.” The trial court polled the jury members, and all of the jury members assured
the trial court that they would follow the instructions and disregard the evidence in its entirety. The
trial proceeded.
            The State presented testimony from two outcry witnesses, two nurse examiners, and the
minor victims. At the time of trial, H. S. was 12 years old, Kr. S. was 11 years old, and K. S. was
9 years old. During H. S.’s testimony, she indicated on drawings that appellant touched her female
sexual organ with his sexual organ. She referred to appellant’s sexual organ as his “private.” She
said that she felt appellant’s “private” go inside of her. She testified that the incident occurred about
a few years ago. During Kr. S.’s testimony, she indicated on drawings that appellant touched her
sexual organ with his hand. She said that, when appellant touched her, she felt his hand go inside
her private area. She also said that appellant touched her private area with his hand numerous times
during a period of several years. K. S. indicated on the drawings that appellant touched her sexual
organ with his mouth. She testified that she felt appellant’s tongue go inside her private area. She
also said that appellant touched her private area with his hand on a number of occasions.
            Appellant testified that the minors’ allegations were not true. He also said that he never
sexually assaulted the minors.
 
            The trial court included the following instruction in Paragraph XIII of the jury charge:
            You are instructed that according to the law an actor may be convicted for
unlawful conduct alleged to have occurred “on or about” a specific date in time. In
order to convict it is not necessary the State prove that the offense took place on the
specific date alleged in the indictment. It is required, however, for conviction, that
the State prove the offense occurred prior to the date the indictment was presented
and that the indictment be presented before the expiration of the applicable period of
limitations for the offense charged. The period of limitations for the offenses alleged
in Counts I, II, III, of the indictment is ten (10) years from the date of the 18th
birthday of the victims of the offense. The indictment in each of these three charges
was presented on the 19th day of June, 2002.
 
Appellant’s counsel objected to Paragraph XIII of the jury charge, asserting, among other things, that
it allowed the jury to convict appellant on a less than unanimous verdict. The trial court overruled
appellant’s objections to the charge. The jury found appellant guilty of all three counts of aggravated
sexual assault.
Polygraph Testimony and Trial Court’s Polygraph Instructions
            In appellant’s first issue, he argues that the trial court erred in denying his motion for mistrial. 
Appellant asserts that Deputy Ginetti’s “polygraph” testimony and the trial court’s “polygraph”
instructions to the jury inferred that appellant refused to take a polygraph examination.
            The results of a polygraph test are not admissible at trial for any purpose, whether they are
offered on behalf of the State or the defendant. Nethery v. State, 692 S.W.2d 686, 700 (Tex.Cr.App.
1985), cert. den’d, 474 U.S. 1110 (1986). When a witness testifies that a defendant refused to take
a polygraph test, the trial court may be required to grant a mistrial. See Kugler v. State, 902 S.W.2d
594, 595-97 (Tex.App. – Houston [1st Dist.] 1995, pet’n ref’d). However, when a witness mentions
that a polygraph test was offered or taken, but does not mention the results of the test, the trial court
does not err in denying a motion for mistrial. See Richardson v. State, 624 S.W.2d 912, 914-15
(Tex.Cr.App.1981); Hannon v. State, 475 S.W.2d 800, 803 (Tex.Cr.App.1972); Roper v. State, 375
S.W.2d 454, 457 (Tex.Cr.App.1964); Richardson v. State, 823 S.W.2d 710, 712 (Tex.App. – San
Antonio 1992, pet’n ref’d); Barker v. State, 740 S.W.2d 579, 583 (Tex.App. – Houston [1st Dist.]
1987, no pet’n). In such cases, a trial court’s instructions to the jury to disregard the evidence are
sufficient to cure any error that the testimony may have caused. See Kugler v. State, supra at 595.
            Deputy Ginetti testified that he went to appellant’s residence to inform appellant of a
tentative polygraph date. There was no testimony that appellant refused to take a polygraph exam.
The trial court instructed the jury that there was no evidence that appellant refused to take a
polygraph exam and that the jury was to disregard the polygraph testimony in its entirety. The jurors
gave the trial court their assurances that they would follow the instructions to disregard the evidence. 
The trial court’s instructions were sufficient to cure any error that Deputy Ginetti’s “polygraph”
testimony may have caused. The trial court did not err in denying appellant’s motion for mistrial. 
See Roper v. State, supra at 457; Richardson v. State, supra at 712; Barker v. State, supra at 583.
Appellant’s first issue is overruled.
Jury Charge 
            Appellant argues that the trial court’s instructions in Paragraph XIII of the jury charge – that
it was not necessary for the State to prove that the offenses took place on the specific date alleged
in the indictment – allowed the jury to convict him on a less than unanimous verdict. Appellant
relies on Francis v. State, 36 S.W.3d 121, 125 (Tex.Cr.App.2000)(op. on reh’g), to support his
argument. In Francis, the defendant was charged with indecency with a child. The State offered
proof of four acts of indecency that occurred on different dates. The State elected to proceed on two
of the acts, one involving the defendant’s touching of the minor’s breasts and the other involving the
defendant’s touching of the minor’s genitals. Francis v. State, supra at 122. The trial court
submitted the offenses to the jury in a disjunctive instruction that allowed the jury to convict if it
found that the defendant had “engage[d] in sexual contact by touching the breast or genitals of [the]
victim.” (Emphasis in original) Francis v. State, supra at 122. The Court of Criminal Appeals held
that the disjunctive submission was error because it was conceivable that six members of the jury
convicted the defendant on the breast-touching offense and six members convicted him on the
genital-touching offense. Francis v. State, supra at 125. Therefore, the trial court’s charge in
Francis permitted the jury to convict appellant on a less than unanimous verdict. 
            In this case, appellant argues that, although the indictment alleged that appellant committed 
single sexual assault offenses against each of the minors, the minors testified about multiple acts
occurring over several years. Appellant asserts that Paragraph XIII of the jury charge permitted the
jury to consider the evidence of these multiple acts and, therefore, allowed the jury to convict him
on a less than unanimous verdict. Appellant’s counsel made the following objection at trial:
[Paragraph XIII] would permit – given the multiplicity of dates and times that are in
evidence would permit some jurors to believe some dates and times, others to believe
other dates, and even a third group perhaps to believe another date as to a particular
complaining witness, and thereby arrive at a unanimous verdict upon different
theories or on different proof as such, it violates the unanimous verdict requirement
of the Texas Constitution.
 
            This case is distinguishable from Francis. In this case, appellant was charged with three
separate sexual assault offenses, one in each count of the indictment. The trial court submitted a
separate question on each of the offenses. The trial court gave separate instructions to the jury on
each of the offenses instructing the jury that, before a conviction was warranted, the State was
required to prove the offense beyond a reasonable doubt. Paragraph XIII specifically required the
State to prove that “the offense occurred prior to the date the indictment was presented.” Unlike
Francis, this case did not involve a disjunctive submission of separate offenses to the jury. 
            The trial court’s instruction in Paragraph XIII was a correct statement of the law. In each
count of the indictment, the grand jury alleged that appellant committed the offense “on or about”
April 30, 2002. The use of “on or about” language in the indictment permitted the State to prove a
date other than the one alleged in the indictment “as long as the date is anterior to the presentment
of the indictment and within the statutory limitation period.” Sledge v. State, 953 S.W.2d 253, 256
(Tex.Cr.App.1997). The instruction in Paragraph XIII was not error. 
            The trial court’s charge did not permit the jury to convict appellant on a less than unanimous
verdict. Appellant’s second issue is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
January 8, 2004                                                                      TERRY McCALL
Do not publish. See TEX.R.APP.P. 47.2(b).                         JUSTICE
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.