

NUMBER 13-15-00235-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                            Appellant,

v.

HECTOR GARCIA,                                                                  Appellee.

**On appeal from the 24th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Appellee Hector Garcia was charged by indictment with three separate offenses arising out of a fatal traffic accident that occurred on February 8, 2014, in Victoria County. Garcia moved to quash one of the counts of the indictment, and the trial court granted the motion. A jury acquitted Garcia on the remaining counts. The State now appeals the trial court's ruling on the motion to quash. We reverse and remand.

## I. BACKGROUND

The indictment, filed May 2, 2014, charged Garcia with: (1) intoxication manslaughter, a second-degree felony, *see* TEX. PENAL CODE ANN. § 49.08 (West, Westlaw through 2015 R.S.); (2) failure to stop and render aid following an accident resulting in death, a second-degree felony, *see* TEX. TRANSP. CODE ANN. § 550.021 (West, Westlaw through 2015 R.S.); and (3) criminally negligent homicide, a state jail felony. *See* TEX. PENAL CODE ANN. § 19.05 (West, Westlaw through 2015 R.S.).

After pre-trial hearings on August 5, 2014, October 28, 2014, January 6, 2015, and February 4, 2015, the case was set for jury docket announcements on February 25, 2015 and trial on March 2, 2015. At the February 25, 2015 setting, the prosecutor and defense counsel each announced ready for trial, but because of a scheduling conflict, trial was reset for March 23, 2015. Later, that setting was also cancelled and trial was reset for May 4, 2015.

On May 4, 2015, Garcia filed his motion to quash Count 2 of the indictment on grounds that it "fails to state the offense in plain and intelligible words and also fail[s] to allege an offense in the State of Texas arising out of Chapter 550 of the Texas Transportation Code," regarding failure to stop and render aid. In particular, Garcia argued that Count 2 failed to allege that the offense occurred in one of the places listed in section 550.001 of the transportation code. *See* TEX. TRANSP. CODE ANN. § 550.001 (West, Westlaw through 2015 R.S.).[1] The State filed a response to the motion to quash

---

[1] Transportation code section 550.021 states that an "operator of a vehicle involved in an accident that results or is reasonably likely to result in injury to or death of a person" shall, among other things, "immediately determine whether a person is involved in the accident, and if [so], whether that person requires aid . . . ." TEX. TRANSP. CODE ANN. § 550.021(a) (West, Westlaw through 2015 R.S.). Failure to comply with the requirements of that section is a second-degree felony if the offense involves an accident resulting in the death of a person, as here. *Id.* § 550.021(c)(1)(A). However, section 550.001 provides that

the following day, arguing that the motion was untimely and that the language of Count 2 was sufficient. The trial court orally granted the motion on May 5, 2015, without hearing argument.[2] On May 13, 2015, the trial court rendered a written order granting Garcia's motion to quash and finding that "the indictment does not track the statutory language as set forth in Sections 550.021 and 550.023" of the transportation code.

Following trial on the remaining two counts, the jury found Garcia not guilty. The State now appeals the ruling on the motion to quash. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West, Westlaw through 2015 R.S.) (providing that the State is entitled to appeal an order of a court in a criminal case that "dismisses . . . any portion of an indictment, information, or complaint").

## II. DISCUSSION

The State contends by five issues that the trial court erred in granting the motion to quash. We review a trial court's decision to quash an indictment de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

By its first two issues, the State contends that the trial court erred in granting the motion to quash because it was not timely filed. The State relies on *Neal v. State*, in

---

chapter 550 applies only to:

    (1)     a road owned and controlled by a water control and improvement district;

    (2)     a private access way or parking area provided for a client or patron by a business, other than a private residential property, or the property of a garage or parking lot for which a charge is made for storing or parking a motor vehicle; and

    (3)     a highway or other public place.

*Id.* § 550.001 (West, Westlaw through 2015 R.S.). Count 2 of the indictment precisely tracked subsection (a) of section 550.021, but it did not allege that the offense took place in one of the places listed in section 550.001. In light of our conclusion herein that Garcia's motion to quash was untimely, we need not and do not address whether the language in Count 2 was sufficient. *See* TEX. R. APP. P. 47.1.

    [2] After pronouncing its ruling, the trial court noted that "[j]eopardy will not attach" with regard to Count 2.

3

which the Texas Court of Criminal Appeals considered whether a conviction should be reversed on the basis that the State failed to overcome a presumption of prosecutorial vindictiveness. 150 S.W.3d 169, 171 (Tex. Crim. App. 2004). In that case, appellant Neal was in the Rusk County jail awaiting trial on forgery and burglary charges when he was found in possession of a sharpened toothbrush. *Id.* He pleaded guilty to the forgery and burglary charges and was then charged with possession of a deadly weapon in a penal institution. *Id.* While the weapons charge was pending, Neal filed a federal civil-rights lawsuit against Rusk County, alleging that he had been mistreated in the jail. *Id.* The State initially offered a plea bargain as to the weapons charge and then dismissed the charge altogether, noting that Neal had already been "convicted in another case." *Id.* However, six days after the trial on the civil-rights lawsuit, the State re-filed the weapons charge and it declined to re-offer the original plea bargain. *Id.* at 172. Later, Neal was awarded $6,000 in damages in his civil-rights suit. *Id.*

After trial, Neal was convicted of the weapons offense and sentenced to six years' imprisonment. *Id.* On appeal, Neal contended for the first time that his conviction should be reversed because it violated his constitutional due process rights on grounds of prosecutorial vindictiveness. *Id.*

The Sixth Court of Appeals agreed with Neal and vacated the conviction, holding that the sequence of events—dismissal, then trial on the civil suit, then re-indictment— gave rise to a presumption of vindictiveness which the State failed to overcome. *Id.* at 172–73 (noting that "a decision to prosecute violates due process when criminal charges are brought in retaliation for the defendant's exercise of his legal rights" and that, "under specific, limited circumstances, the presumption that a prosecution is undertaken in good

4

faith gives way to either a rebuttable presumption of prosecutorial vindictiveness or proof of actual vindictiveness").

A majority of the court of criminal appeals reversed, holding that Neal failed to preserve the prosecutorial vindictiveness issue under Texas Rule of Appellate Procedure 33.1(a). *Id.* at 175 (citing TEX. R. APP. P. 33.1(a)). The Court found that Neal's vindictiveness claim was (1) not timely, (2) not specific, and (3) not ruled upon by the trial court. *Id.* at 175–79. In discussing the timeliness issue, the Court noted that, under article 28.01 of the code of criminal procedure, a trial court must determine all "preliminary matters" at a pre-trial hearing, and a "preliminary matter" is "generally considered forfeited" if it is not raised at a pre-trial hearing. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2 (West, Westlaw through 2015 R.S.)).[3] The Court then observed that "[a] motion to set aside, dismiss, or quash an indictment should be made at the first opportunity, and must be presented to the trial court prior to an announcement by that

---

[3] Article 28.01 of the code of criminal procedure, regarding pre-trial hearings, states in relevant part:

> Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters:
>
> . . . .
>
>     (4)      Exceptions to the form or substance of the indictment or information;
>
> . . . .
>
> Sec. 2. When a criminal case is set for such pre-trial hearing, *any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown*; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters. The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits.

TEX. CODE CRIM. PROC. ANN. art. 28.01, §§ 1, 2 (West, Westlaw through 2015 R.S.) (emphasis added).

5

party that it is ready for trial." *Id.* at 176 (citing *Valadez v. State*, 408 S.W.2d 109, 111 (Tex. Crim. App. 1966); *Wilson v. State*, 398 S.W.2d 291, 293 (Tex. Crim. App. 1966) (op. on reh'g)). The Court reasoned that:

> This rule serves the salutary purpose of preventing unnecessary trials and deterring the interruption of a trial on the merits for any objection relating to the institution and presentation of the charge. It would make little sense to wait until after a trial is complete before complaining that the trial should never have taken place because the indictment was defective or should have been dismissed or quashed.

*Id.* (citing *Sewell v. United States*, 406 F.2d 1289, 1292 (8th Cir. 1969)). Because Neal "did not raise any prosecutorial vindictiveness claim at the pretrial hearing, that claim—based on events that occurred before trial and were known to appellant before trial—was untimely." *Id.* at 177.

The State contends that Garcia's motion to quash was untimely under *Neal* and article 28.01 because: (1) it was not filed "at the first opportunity," *see Neal*, 150 S.W.3d at 176; (2) it was not filed prior to both parties' announcement of ready for trial on February 25, 2015, *see id.*; and (3) it was not determined at the pre-trial hearings. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2.

Garcia raises several arguments in response. First, he argues that the State waived any objection to the motion as untimely under article 28.01 or *Neal* because it did not cite that authority in its response to Garcia's motion to quash. We disagree. Although the State's response did not cite article 28.01, *Neal*, or the cases cited in *Neal*, it did argue that the motion to quash should be denied because it was untimely filed, and it noted that the motion had been filed after both the State and Garcia had announced ready for trial. We find that this was sufficient to preserve the issue of timeliness under the appellate rules. *See* TEX. R. APP. P. 33.1(a).

6

Second, Garcia points to article 1.14 of the code of criminal procedure, which states in part:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West, Westlaw through 2015 R.S.). Garcia contends that his motion was timely because it was filed "before the date on which the trial on the merits commence[d]." *Id.* Again, we disagree. Even assuming that Garcia's motion was filed "before the date on which the trial on the merits commence[d]," that does not necessarily mean that the motion was timely under all applicable law.[4] Article 1.14 explains the consequences when a defendant objects to a charging instrument on or after the date of the beginning of trial: waiver and forfeiture of the right to object. *See id.* However, article 1.14 is silent as to what happens when a defendant objects to a charging instrument *prior* to that date, except to explicitly note that a trial court may require such an objection to be made earlier in compliance with article 28.01, the statute regarding pre-trial hearings. *See id.* And article 28.01 states unequivocally that, in cases where there

---

[4] The State disputes that Garcia filed his motion "before the date on which the trial on the merits commences" as required by article 1.14. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West, Westlaw through 2015 R.S.). It argues that, for purposes of this statute, "the date on which the trial on the merits commences" should be defined as the date upon which "the work on impaneling a jury begins." Garcia points to *Sanchez v. State*, where the court of criminal appeals interpreted the same language as contained in a different statute applying only to trials in municipal and justice courts. 138 S.W.3d 324 (Tex. Crim. App. 2004) (construing TEX. CODE CRIM. PROC. ANN. art. 45.019(f) (West, Westlaw through 2015 R.S.) and concluding that the language "means what it says"—i.e., that "a party can move to quash a charging instrument at any time prior to the day on which the trial on the merits commences"). The State contends that *Sanchez* is distinguishable because the statute construed therein does not apply to district courts. We assume, but do not decide, that the reasoning of *Sanchez* applies here and that Garcia's motion was therefore filed "before the date on which the trial on the merits commences" under article 1.14.

7

is a pre-trial hearing, an exception to the form or substance of an indictment must be presented seven days before that hearing, and if such exception is not presented within that time, the issue "will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown . . . ." *Id.* art. 28.01, § 2.

Here, the trial court did not grant Garcia permission to file his motion to quash after the pre-trial hearings were concluded and the parties announced ready for trial, nor did it find that Garcia had "good cause" to file his motion after that time. *See id.* Moreover, "good cause" is not evident from the record. Instead, the record demonstrates that Count 2 of the indictment was pending for over a year—during which time five separate pre-trial hearings were held—at the time Garcia filed his motion to quash. We agree with the State that, had Garcia raised his objection to the indictment at or before any of the pre-trial hearings, the State would have been able to amend the indictment to correct what it acknowledges was a "scrivener's error."

Finally, Garcia contends that the language in *Neal* regarding when an objection to an indictment must be made constitutes obiter dictum and is therefore not controlling. *See, e.g., Wolfe v. State*, 120 S.W.3d 368, 374 (Tex. Crim. App. 2003) (Keasler, J., dissenting) (noting that "[s]tatements that are unnecessary to the issue upon which the Court is writing" are dicta and not binding under *stare decisis*). Even assuming that Garcia is correct,[5] there is ample earlier case law supporting the same proposition. *See, e.g.,*

---

[5] Because the ruling in *Neal* was justified on three wholly independent grounds, *see Neal v. State*, 150 S.W.3d 169, 175–79 (Tex. Crim. App. 2004), its holding as to timeliness was technically "unnecessary to the issue" being considered and therefore could be considered dictum. *See Wolfe v. State*, 120 S.W.3d 368, 374 (Tex. Crim. App. 2003) (Keasler, J., dissenting). But that reasoning would also apply to the two other grounds supporting the *Neal* Court's ruling, and it would be absurd to treat a judicial statement as non-binding merely because it was supported on multiple alternative grounds. Even if it could be considered dictum, *Neal*'s statement regarding when an objection to an indictment must be made was, at the very least, persuasive "judicial dictum." *See Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (noting that "judicial dictum," a statement "made very deliberately after mature

*Valadez*, 408 S.W.2d at 111 ("A motion to set aside an indictment should be made at the first opportunity."); *Wilson*, 398 S.W.2d at 293 ("It has long been the rule in this Court that motions to quash must be presented prior to announcement of ready.").[6]

For the foregoing reasons, we conclude that the motion was untimely under Texas Code of Criminal Procedure 28.01, as stated in *Neal* and its predecessors. Accordingly, the trial court erred in granting the motion. The State's first two issues are sustained, and we need not address its remaining issues, which argue that Count 2 of the indictment was sufficient to allege an offense. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

The trial court's judgment granting Garcia's motion to quash Count 2 of the indictment is reversed, and we remand for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of May, 2016.

---

consideration and for future guidance in the conduct of litigation," is "at least persuasive and should be followed unless found to be erroneous") (citing *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex. 1964)).

[6] Both *Valadez* and *Wilson* were decided prior to the enactment of the current version of article 1.14 in 1991. *See Valadez v. State*, 408 S.W.2d 109, 111 (Tex. Crim. App. 1966); *Wilson v. State*, 398 S.W.2d 291, 293 (Tex. Crim. App. 1966); *see also* Act of May 27, 1991, 72nd Leg., ch. 652, § 2, 1991 Tex. Gen. Laws 2394. Garcia does not argue that article 1.14 superseded those cases. In any event, the court of criminal appeals affirmed the continued viability of those cases in 2004 when it cited them favorably in *Neal*. *See Neal*, 150 S.W.3d at 176.