John JACOBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–02–00008–CR.

Court of Appeals of Texas, Tyler.

May 22, 2002.

William A. Agnew, Jr., Houston, for appellant.

Nicole D. Lostracco, Nacogdoches, for the State.

Panel consisted of WORTHEN, J., and GRIFFITH, J.

SAM GRIFFITH, Justice.

John Jacobs ("Appellant") appeals his conviction for aggravated robbery, for which he was sentenced to imprisonment for fifty years. Appellant raises two issues on appeal. We affirm.

## BACKGROUND

On the morning of April 28, 2001, Appellant entered a convenience store. When the store was clear of patrons, Appellant brandished a knife and took all of the money from the cash register, causing the store clerk, Glenda Lightfoot, to fear for her life. Appellant was indicted for aggravated robbery on July 27, 2001. Appellant's indictment included two enhancement paragraphs for prior felony convictions of burglary of a building and aggravated robbery. Accordingly, Appellant's status was enhanced to habitual offender, the punishment range for which is imprisonment for twenty-five years to ninety-nine years or life.[1]

Appellant's trial counsel filed multiple pre-trial motions on Appellant's behalf. Among these pre-trial motions was Appellant's motion for discovery of favorable or exculpatory evidence. A pre-trial hearing was held on November 8, 2001. At the conclusion of the pre-trial hearing, the trial court denied Appellant's motion for discovery of favorable or exculpatory evidence, but ordered that the prosecution "disclose to the defense and his counsel any favorable and/or exculpatory evidence inconsistent with the guilt of the accused pursuant to *Brady*."[2] Subsequently, Appellant pleaded guilty and a hearing was held on punishment. Following the hearing, the trial judge sentenced Appellant to imprisonment for fifty years and this appeal followed.

## DENIAL OF APPELLANT'S BRADY MOTION

■ In his first issue, Appellant contends that in denying his motion for discovery of favorable or exculpatory evidence, the trial court violated his right to due process. The State of Texas (the "State") contends that Appellant, by pleading guilty, waived such error, if any. Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or *nolo contendere* waives or forfeits the right to appeal a claim of error if the judgment of guilt was rendered independent of, and is not supported by, the error. *See Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim. App.2000). In *Young*, the court determined that since the judgment was based on the denial of a motion to suppress the cocaine which the appellant was convicted of possessing, the judgment would not be supported without that evidence and thus, the court of appeals should have considered the appellant's point of error. *Id.* at 667.

■ The instant case is distinguishable from *Young*. Unlike the judgment in *Young*, the trial court's judgment in this case does not involve a motion to suppress material evidence. In *Young*, the trial court's judgment was unsupportable absent the evidence the appellant sought to suppress. Here, even assuming the contradicting witness statements at issue existed at all and were ordered disclosed, the trial court's judgment would still be supportable in spite of their existence and disclosure. Therefore, we hold that by pleading guilty, Appellant has waived this issue on appeal. Appellant's first issue is overruled.

## CRUEL AND UNUSUAL PUNISHMENT

■ In his second issue, Appellant contends that the trial court's fifty-year sentence constituted cruel and unusual punishment under both the Texas and United States Constitutions. Initially, we note that Appellant made no objection to the

---

1. *See* TEX. PEN.CODE. ANN. § 12.42(d) (Vernon Supp.2002).

2. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (per curiam).

trial court raising the issue of cruel and unusual punishment and has, therefore, waived such an issue with respect to any alleged violation of his rights under the Texas Constitution. *See Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996); Tex.R.App. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence did not constitute cruel and unusual punishment.

■ The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State,* 905 S.W.2d 655, 664 (Tex.App.Texarkana 1995, pet. ref'd); *see also Simmons v. State,* 944 S.W.2d 11, 15 (Tex.App.Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State,* 656 S.W.2d 481, 486 (Tex.Crim.App.1983); *Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim.App.1973); *Davis,* 905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty to aggravated robbery, a first degree felony. *See* Tex. Pen.Code Ann. § 29.03 (Vernon 1994). Considered in conjunction with Appellant's two prior felony convictions, the punishment range for such an offense is between twenty-five and ninety-nine years, or imprisonment for life. *Id.; see also* Tex. Pen.Code Ann. § 12.42(d). Here, the punishment assessed by the trial court falls well within the range set forth by the legislature. *Id.* Therefore, the punishment is not prohibited as cruel, unusual or excessive *per se.*

Nonetheless, Appellant urges the Court to perform the three-part test set out in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. at 292, 103 S.Ct. at 3011. However, the strict application of the *Solem* test has been questioned since the Supreme Court rendered its opinion in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). *See Simmons,* 944 S.W.2d at 15. The Texarkana Court of Appeals discussed the applicability of *Solem* in *Davis v. State,* and observed that five members of the Supreme Court in *Harmelin* rejected application of the three-factor test. *Id.* (citing *Davis,* 905 S.W.2d at 664). However, the court in *Davis* nevertheless evaluated the sentence under the elements of *Solem,* recognizing that seven of the justices in *Harmelin* still supported an Eighth Amendment prohibition against grossly disproportionate sentences. *See Davis,* 905 S.W.2d at 664 (citing *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992) and *Lackey v. State,* 881 S.W.2d 418, 421 (Tex.App.Dallas 1994, pet. ref'd)). The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin* to require a threshold determination of gross disproportionality between the sentence and the crime before addressing the remaining elements. *See, e.g., McGruder,* 954 F.2d at 316; *see also Jackson v. State,* 989 S.W.2d 842, 845–46 (Tex.App.Texarkana 1999, no pet.).

■ In determining whether Appellant's sentence is grossly disproportionate to the sentence imposed, we are guided by the holding in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).[3]

---

**3.** Incidentally, the Fifth Circuit has referred to as a "handy guide" to assist in conducting

In *Rummel,* the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction for obtaining $120.75 by false pretenses. *Id.,* 445 U.S. at 266, 100 S.Ct. at 1135. The life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.,* 445 U.S. at 266, 100 S.Ct. at 1134–135. After both recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.,* 445 U.S. at 285, 100 S.Ct. at 1145. Considering Appellant's sentence in light of the holding in *Rummel,* the distinction between the two cases is clear. The offenses committed by Appellant—two aggravated robbery convictions and burglary of a building—were more severe than those committed by the appellant in *Rummel,* while Appellant's fifty-year sentence is less severe than the life sentence upheld by the Supreme Court. Thus, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test.

But even assuming that the *Solem* test is still viable, or that the threshold test was satisfied, the remaining elements of *Solem* cannot be satisfied. There is no evidence in the appellate record reflecting the sentences imposed on criminals in Texas or other jurisdictions who committed a similar offense; therefore, we may not engage in a comparative evaluation. *See Simmons,* 944 S.W.2d at 15. Appellant's second issue is overruled.

Accordingly, the judgment of the trial court is ***affirmed.***

a proportionality review. *See McGruder,* 954 F.2d at 317.