Affirmed and Memorandum Opinion filed February 13, 2003














Affirmed and
Memorandum Opinion filed February 13, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00271-CR

____________

 

RONALD ANTHONY SOMPRACT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 718,558

____________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant pleaded guilty to
the offense of sexual assault of a child, and the trial court assessed seven
years’ deferred adjudication.  Five years
later, the State moved to revoke appellant’s deferred adjudication probation
and to adjudicate guilt.  The trial court
found appellant guilty and assessed punishment at seven years’ confinement in
the Texas Department of Criminal Justice, Institutional Division.  On appeal, appellant complains that the trial
court: (1) committed fundamental error in the original proceeding; and (2)
imposed a cruel and unusual punishment.  We
affirm.








I.  Factual and Procedural
Background

            Appellant pleaded guilty to
sexually assaulting a child and received seven years’ deferred
adjudication.  One of the conditions of
deferred adjudication required appellant to permit a probation officer to visit
him at home.  During the deferred
adjudication period, appellant chained two large dogs to the front of his
house.  The threatening dogs effectively
kept probation officers from visiting appellant’s home.  As a result, the probation officers could not
determine whether appellant was complying with the other conditions of his deferred
adjudication.  The trial court found
appellant violated his deferred adjudication requirements and sentenced him to
seven years’ incarceration.

II.  Issues

            Appellant
raises six points of error.  Combined in
his first two issues, appellant contends, under the Texas and United States
Constitutions, the trial court fundamentally erred by failing to include
evidence of his guilt in the record of the original proceeding.  In appellant’s next two issues, he complains
the trial court committed fundamental error in proceeding to a judgment of
guilt when the record is silent whether appellant waived his rights to
compulsory process.  In his last two
issues, appellant asserts his seven-year sentence constitutes cruel and unusual
punishment under the Texas and United
States Constitutions.

III. 
Analysis And Discussion

A.  Alleged Error in Original Trial Court
Proceeding

            In appellant’s first four issues, he
argues the trial court fundamentally erred in accepting his guilty plea to the
sexual assault of a child.  The Texas
Court of Criminal Appeals has held that “a defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding, such as evidentiary sufficiency, only in appeals taken when
deferred adjudication community supervision is first imposed.”  Manuel v. State, 994 S.W.2d 658, 661–62 (Tex. Crim.
App. 1999).  Once a trial court
revokes deferred adjudication, an appellant may not raise the issue of the voluntariness of his plea. 
Daniels v. State,
30 S.W.3d 407, 408 (Tex. Crim. App. 2000).  But if the original judgment is void, the
general rule does not apply.  Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).  A
judgment is void if: (1) the purported charging instrument does not satisfy
constitutional requirements; (2) the trial court lacks subject matter
jurisdiction; (3) the record reflects no evidence to support the conviction; or
(4) without waiving his right to counsel, an indigent defendant faces
proceedings without counsel.  Id.  Although a
judgment is void if no evidence supports the conviction, the record must leave
no question about the existence of such a fundamental defect.  Id. at 669.  The defect must be “one that can be
ascertained from the record with little difficulty.”  Id.  Even an absent
reporter’s record does not establish that no evidence exists for a guilty
plea.  Id.

            We have no
reporter’s record from the hearing at which appellant pleaded guilty.  Consequently, we cannot determine what
evidence, if any, was offered in support of appellant’s guilt.  See Tex.
Code Crim. P. § 1.15 (stating the State must
introduce evidence in the record showing the guilt of the defendant even with a
guilty plea).  But a lack of evidence
does not conclusively show a void judgment. 
Because the clerk’s record contains appellant’s waiver of constitutional
rights and guilty plea, we will not hold appellant’s original judgment
void.  Additionally, appellant was
required to appeal the waiver of his compulsory process complaint at the time
the trial court placed him on deferred adjudication.  See
Manuel, 994 S.W.2d at 661–62.  He did not do so.  Appellant may not raise his complaint
now.  For these two reasons, we dismiss
appellant’s first four issues for lack of jurisdiction. 

B.  Alleged Cruel and Unusual Punishment

            In addressing appellant’s argument
that his seven-year sentence constituted cruel and unusual punishment, we begin
by making the important observation that in order to voice such a complaint on
appeal, a defendant must assert the objection in the trial court.  

            Appellant did not assert that his
sentence violated his constitutional rights at the time the sentence was
assessed, nor did appellant raise this issue in a post-trial motion.  By failing to assert his complaint in the
trial court, appellant failed to preserve this issue for appeal.  See
Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d).  Because this is not the type of error that
can be asserted the first time on appeal, appellant has waived any possible
error.  See Saldano v. State, 70
S.W.3d 873, 887–90 (Tex. Crim. App. 2002).

            But even if appellant had not waived
his complaint, his argument would have no merit because the imposition of a
sentence within the statutory limits is not cruel and unusual punishment.  See
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996); see also Jacobs v. State,
80 S.W.3d 631, 632–633 (Tex. App.—Tyler 2002, no pet.).  Tex.
R. App. P. 33.1.  The legislature
has the power to define crimes and assess punishment.  See
Jacobs, 80
S.W.3d at 633.  Punishment that falls within the statutory
guidelines is not excessive.  See id.; see also Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan
v. State, 495 S.W.2d 949, 952 (Tex. Crim. App.
1973).  As long as the punishment
assessed by the judge or jury was “within the limits prescribed by the statute
the punishment is not cruel and unusual within the constitutional
prohibition.”  Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim.
App. 1972); see also Servin
v. State, 745 S.W.2d 40, 41–42 (Tex. App.—Houston [14th Dist.] 1987, no
writ).  

            Appellant pleaded guilty to sexual
assault of a child, a second degree felony. 
See Tex. Pen. Code § 22.011.  The statutory limitations for punishment for
a second degree felony are anywhere from two years to twenty years in
prison.  See Tex. Pen.
Code § 12.33(a).  The trial court assessed appellant’s
punishment at seven years’ deferred adjudication, a sentence within the
statutory limits.  See Tex. Pen.
Code § 12.33(a); see also Harris,
656 S.W.2d at 486.  Therefore,
appellant’s punishment is not prohibited as cruel, unusual, or excessive. 

 

            In conclusion, we dismiss
appellant’s first four issues for lack of jurisdiction and overrule his last
two issues.  The judgment is affirmed.

 

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

 

Judgment
rendered and Memorandum Opinion filed February 13, 2003.

Panel
consists of Chief Justice Brister, and Justices Hudson and Frost.

Do Not
Publish — Tex. R. App.
P. 47.2(b).