NO. 07-02-0516-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 16, 2003


______________________________



SEAN GRAVELLE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A14594-0208; HON. JACK R. MILLER, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Sean Gravelle contests his conviction for burglary. He pled guilty to the
charge and allowed a jury to assess punishment. His two issues concern whether 1) the
trial court erred in overruling his motion to suppress his written statement, and 2) the
sentence and fine imposed were disproportionate and constituted cruel and unusual
punishment. We affirm the judgment of the trial court. 

 Background

 Deputy John Phillips (Phillips) answered a call on July 16, 2002, from appellant's
mother Ann Thompson with respect to a burglary that had occurred on her premises. 
Phillips met with appellant's brother John Gravelle (John), who told him that a building on
the property had been broken into and a motorized post hole digger, a power generator, 
a weed eater, and some other items had been stolen. John believed that his brother had
taken the items. 

 Phillips contacted local pawn shops where he located the power generator and the
post hole digger. Phillips then went to appellant's place of employment. Prior to the arrival
of Phillips, John had been to appellant's place of employment, told him that Phillips was
coming to talk to him, and picked up appellant's car. When the deputy arrived, he told
appellant that he needed to discuss a complaint against him made by his family and asked
appellant to come with him. Appellant agreed to go with the deputy. No handcuffs were
placed on appellant. Nor was appellant told he was under arrest, for the officer testified
that appellant was not. The two simply entered into the pickup truck the deputy drove at
the time and journeyed to the sheriff's office. Upon their arrival, appellant was Mirandized
and, according to the deputy, voluntarily gave an inculpatory statement. After confessing,
appellant was not arrested. Instead, the deputy first phoned appellant's mother to see if
she cared to press charges. Then, he spoke with the district attorney. After speaking with
the prosecutor, appellant was arrested.

 Issue One - Motion to Suppress

 The exact nature of appellant's first issue is somewhat unclear. We read it as to
argue that simply because he was in custody when he uttered the confession, the
confession was involuntary and coerced. (1) We disagree and overrule the issue.

 That one may be in custody when he utters a confession does not alone make the
confession involuntary. See Alonzo v. State, 591 S.W.2d 842, 847 (Tex. Crim. App. 1979)
(stating that a confession otherwise shown to be voluntary is not rendered inadmissible
because the accused may have been under arrest or in custody at the time). Furthermore,
appellant does not assert that while in purported custody, he was not Mirandized; indeed,
he could not so argue because he was informed of his Miranda rights prior to the time he
confessed. 

 Nor does appellant attempt to illustrate, in his brief, that the sheriff's deputy who
spoke with him utilized act, artifice or promise to coerce appellant's statement. This may
be so because the record contains evidence sufficient to entitle the trial court to conclude
that no such conduct was used to obtain appellant's statement. 

 Similarly absent is any suggestion that the confession arose from any form of illegal
detention. Again, and as best as we can divine from the brief, appellant merely asserts
that his statement should be suppressed simply because it was given while he was in
custody. And, to the extent he cites no authority supporting that proposition and we found
none, we cannot say that the trial court abused its discretion in overruling the motion to
suppress. 

 Issue Two - Sentence and Fine

 In his second and final issue, appellant argues that his sentence was
disproportionate to the non-violent nature of his crime and constituted cruel and unusual
punishment. The contention was not asserted below but is raised here for the first time on
appeal. Consequently, appellant waived it, and we overrule the issue. Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding the contention that appellant's right
to be free of cruel and unusual punishment was waived because the objection was not
lodged in the trial court); Jacobs v. State, 80 S.W.3d 631, 632-33 (Tex. App.--Tyler 2002,
no pet.) (holding the same).

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Do not publish.












1. Appellant does proffer conclusory argument in his brief such as "[a]ny statements made by [him]
were involuntary and were coerced and enticed . . ." and he "was deprived of right to counsel and [he] did
not make an intelligent and knowing waiver . . . ." Yet, none were accompanied by argument, citation to
authority, or citation to the record. Thus, they were waived. Jackson v. State, 50 S.W.3d 579, 591 n.1 (Tex.
App.-Fort Worth 2001, pet. ref'd) (stating that the issue was waived because the appellant did not support
it with argument and citation to authority).