NO. 07-02-0516-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 16, 2003
_____

SEAN GRAVELLE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A14594-0208; HON. JACK R. MILLER, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Sean Gravelle contests his conviction for burglary.  He pled guilty to the charge and allowed a jury to assess punishment.  His two issues concern whether 1) the trial court erred in overruling his motion to suppress his written statement, and 2) the sentence and fine imposed were disproportionate and constituted cruel and unusual punishment.  We affirm the judgment of the trial court.

### Background

Deputy John Phillips (Phillips) answered a call on July 16, 2002, from appellant's mother Ann Thompson with respect to a burglary that had occurred on her premises.

Phillips met with appellant's brother John Gravelle (John), who told him that a building on the property had been broken into and a motorized post hole digger, a power generator, a weed eater, and some other items had been stolen. John believed that his brother had taken the items.

Phillips contacted local pawn shops where he located the power generator and the post hole digger. Phillips then went to appellant's place of employment. Prior to the arrival of Phillips, John had been to appellant's place of employment, told him that Phillips was coming to talk to him, and picked up appellant's car. When the deputy arrived, he told appellant that he needed to discuss a complaint against him made by his family and asked appellant to come with him. Appellant agreed to go with the deputy. No handcuffs were placed on appellant. Nor was appellant told he was under arrest, for the officer testified that appellant was not. The two simply entered into the pickup truck the deputy drove at the time and journeyed to the sheriff's office. Upon their arrival, appellant was Mirandized and, according to the deputy, voluntarily gave an inculpatory statement. After confessing, appellant was not arrested. Instead, the deputy first phoned appellant's mother to see if she cared to press charges. Then, he spoke with the district attorney. After speaking with the prosecutor, appellant was arrested.

### *Issue One - Motion to Suppress*

2

The exact nature of appellant's first issue is somewhat unclear. We read it as to argue that simply because he was in custody when he uttered the confession, the confession was involuntary and coerced.[1] We disagree and overrule the issue.

That one may be in custody when he utters a confession does not alone make the confession involuntary. *See Alonzo v. State*, 591 S.W.2d 842, 847 (Tex. Crim. App. 1979) (stating that a confession otherwise shown to be voluntary is not rendered inadmissible because the accused may have been under arrest or in custody at the time). Furthermore, appellant does not assert that while in purported custody, he was not Mirandized; indeed, he could not so argue because he was informed of his Miranda rights prior to the time he confessed.

Nor does appellant attempt to illustrate, in his brief, that the sheriff's deputy who spoke with him utilized act, artifice or promise to coerce appellant's statement. This may be so because the record contains evidence sufficient to entitle the trial court to conclude that no such conduct was used to obtain appellant's statement.

Similarly absent is any suggestion that the confession arose from any form of illegal detention. Again, and as best as we can divine from the brief, appellant merely asserts that his statement should be suppressed simply because it was given while he was in custody. And, to the extent he cites no authority supporting that proposition and we found

---

[1]Appellant does proffer conclusory argument in his brief such as "[a]ny statements made by [him] were involuntary and were coerced and enticed . . ." and he "was deprived of right to counsel and [he] did not make an intelligent and knowing waiver . . . ." Yet, none were accompanied by argument, citation to authority, or citation to the record. Thus, they were waived. *Jackson v. State*, 50 S.W.3d 579, 591 n.1 (Tex. App.–Fort Worth 2001, pet. ref'd) (stating that the issue was waived because the appellant did not support it with argument and citation to authority).

none, we cannot say that the trial court abused its discretion in overruling the motion to suppress.

### Issue Two - Sentence and Fine

In his second and final issue, appellant argues that his sentence was disproportionate to the non-violent nature of his crime and constituted cruel and unusual punishment. The contention was not asserted below but is raised here for the first time on appeal. Consequently, appellant waived it, and we overrule the issue. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding the contention that appellant's right to be free of cruel and unusual punishment was waived because the objection was not lodged in the trial court); *Jacobs v. State,* 80 S.W.3d 631, 632-33 (Tex. App.--Tyler 2002, no pet.) (holding the same).

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.

4