11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John Charles Barr

Appellant

Vs.                   No.
11-03-00030-CR -- Appeal from Collin County

State of Texas

Appellee

 

John
Charles Barr entered an open plea of guilty to the offense of aggravated
assault with a deadly weapon.  The trial
court convicted him and assessed punishment at confinement for four years.  We affirm. 


In his
sole issue on appeal, appellant contends that the trial court erred in failing
to grant his motion for new trial because the State failed to turn over
favorable Brady[1]
material -- the written statement of the complainant, Mark Earl Hixon.  We hold that appellant has waived this
issue. 

Under Young
v. State, 8 S.W.3d 656, 667 (Tex.Cr.App.2000), “a valid plea of guilty or
nolo contendere ‘waives’ or forfeits the right to appeal a claim of error” if “the
judgment of guilt was rendered independent of, and is not supported by, the
error.”  By pleading guilty, appellant
waived the issue that he asserts on appeal because he entered a valid guilty
plea and because the judgment was rendered independent of, and is not supported
by, the State’s failure to turn over Hixon’s statement prior to the trial
date.  See Jacobs v. State, 80
S.W.3d 631, 632 (Tex.App. - Tyler 2002, no pet’n).  








Moreover,
Hixon’s statement did not constitute Brady material.  After appellant entered his guilty plea, a
punishment hearing was held during which Hixon testified.  During cross-examination, defense counsel
was provided with the statement.  In the
statement, Hixon stated that, as he was in the left lane of the highway
accelerating in order to pass a truck, he noticed a jeep “right on [his]
bumper.”  Appellant was driving the
jeep.  Hixon indicated that he “stepped”
on his brakes and then accelerated past the truck and moved back into the right
lane.  Shortly thereafter, appellant
drove up next to Hixon, rolled down his window, and pointed a large-caliber
automatic handgun with a laser sight at Hixon’s face.  Appellant contends that Hixon’s admission that he “stepped” on
the brakes was favorable and material. 
We disagree.  Contrary to
appellant’s assertion, Hixon’s act of stepping on the brakes did not constitute
a defense to the subsequent aggravated assault, which appellant committed by
pointing a deadly weapon at Hixon’s face. 
Appellant=s sole issue is overruled.  

The
judgment of the trial court is affirmed. 


 

W. G.
ARNOT, III

CHIEF
JUSTICE 

 

October 23, 2003  

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J. 











[1]Brady v. Maryland, 373 U.S. 83 (1963).