NO. 07-04-0380-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 24, 2005



______________________________




DONALD WAYNE DORCH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 8TH DISTRICT COURT OF HOPKINS COUNTY;



NO. 0317244; HONORABLE ROBERT NEWSOM, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND

 Appellant Donald Wayne Dorch has given notice of appeal from a conviction and life
sentence for sexual assault, enhanced. The appellate court clerk received and filed the trial
court clerk's record on September 2, 2004, and received and filed the trial court reporter's
record on October 13, 2004. By order dated October 8, 2004, this court denied appellant's
appointed counsel's motion to withdraw from the representation. On appellant's request,
the due date for his brief has been extended once. By letter dated December 29, 2004, the
appellate clerk reminded counsel for appellant that appellant's brief was due on December
13, 2004, and that neither the brief nor a motion for a further extension of time had been
received. Counsel for appellant was further advised by such letter that if no response to
the letter was received by January 7, 2005, the appeal would be abated to the trial court
for hearing pursuant to Rule of Appellate Procedure 38.8(b). No response to this court's
clerk's December 29 letter has been received.

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: 

 (1) whether appellant desires to prosecute this appeal; 


 if appellant desires to prosecute this appeal, then whether appellant
is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; 
 if appellant desires to prosecute this appeal, whether appellant's
present counsel should be replaced; and
 what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal
if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be
diligently pursued.



If the trial court determines that the present attorney for appellant should be replaced, the
court should cause the clerk of this court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed or newly-retained attorney. 

 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than February 21, 2005.


 Per Curiam





Do not publish. 




t no such conduct was used to obtain appellant's statement. 

 Similarly absent is any suggestion that the confession arose from any form of illegal
detention. Again, and as best as we can divine from the brief, appellant merely asserts
that his statement should be suppressed simply because it was given while he was in
custody. And, to the extent he cites no authority supporting that proposition and we found
none, we cannot say that the trial court abused its discretion in overruling the motion to
suppress. 

 Issue Two - Sentence and Fine

 In his second and final issue, appellant argues that his sentence was
disproportionate to the non-violent nature of his crime and constituted cruel and unusual
punishment. The contention was not asserted below but is raised here for the first time on
appeal. Consequently, appellant waived it, and we overrule the issue. Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding the contention that appellant's right
to be free of cruel and unusual punishment was waived because the objection was not
lodged in the trial court); Jacobs v. State, 80 S.W.3d 631, 632-33 (Tex. App.--Tyler 2002,
no pet.) (holding the same).

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Do not publish.












1. Appellant does proffer conclusory argument in his brief such as "[a]ny statements made by [him]
were involuntary and were coerced and enticed . . ." and he "was deprived of right to counsel and [he] did
not make an intelligent and knowing waiver . . . ." Yet, none were accompanied by argument, citation to
authority, or citation to the record. Thus, they were waived. Jackson v. State, 50 S.W.3d 579, 591 n.1 (Tex.
App.-Fort Worth 2001, pet. ref'd) (stating that the issue was waived because the appellant did not support
it with argument and citation to authority).