Affirmed and Memorandum Opinion filed February 1, 2007








Affirmed and Memorandum Opinion filed February 1, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00503-CR

NO. 14-05-00504-CR

____________

 

AARON HENLEY BROWN, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause Nos. 964,842
& 1005800

 



 

M E M O R A N D U M   O P I N I O N

In this consolidated appeal, appellant, Aaron Henley Brown,
challenges his convictions for (1) possession with intent to deliver cocaine;
and (2) possession of cocaine.  Tex.
Health & Safety Code Ann. '' 481.112 &
481.115 (Vernon 2003). We affirm.

Factual and Procedural Background








  In cause number 964842, appellant was charged with the
unlawful possession of cocaine with the intent to deliver. Tex. Health & Safety Code Ann. '481.112(d). The
charge was enhanced by a prior felony conviction for possession of a controlled
substance. Tex. Penal Code Ann. ' 12.42(c)(1)
(Vernon 2003). In cause number 1005800 appellant was charged with possession of
cocaine. Tex. Health & Safety Code
Ann. '481.115(b).  During a hearing at which no court
reporter was present, appellant pled Aguilty@ in both cases
without a recommendation as to punishment. The trial court accepted the plea
and deferred the assessment of punishment until after the completion of a
presentence investigation report (APSI report@). At the
conclusion of the presentence investigation hearing, the trial court assessed
punishment as follows: (1) confinement in prison for 20 years on the possession
with intent to deliver charge; and (2) confinement in a state jail facility for
18 months on the possession charge. Appellant did not file a motion for new
trial, but instead immediately appealed his conviction and sentence.

Discussion[1]

A.      Did the
Trial Court Violate Appellant=s State and
Federal Constitutional Right to Due Process of Law?

In his first and second issues on appeal, appellant
contends his conviction is void under the United States and Texas Constitutions
because the trial court reviewed appellant=s PSI report prior
to formally entering a finding of guilt. U.S.
Const. amend. V, XIV; Tex. Const.
art. I, ' 19. The State
argues appellant waived these issues as he did not object to the trial court=s consideration of
the PSI report. We agree with the State.








To preserve a complaint for appellate review, a party must
have presented to the trial court a timely request, objection, or motion
stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a). It is well-established that almost
every right, constitutional and statutory, may be waived by failing to object. Smith
v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); see also Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights
under Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (waiver of rights under United States Constitution); Wissinger
v. State, 702 S.W.2d 261, 265 (Tex. App.CHouston [1st
Dist.] 1985, pet. ref=d) (waiver of due process claim).

Appellant argues the trial court=s alleged error in
reviewing the PSI report prior to a  formal finding of guilt cannot be waived
as a result of implied holdings in State ex rel. Turner v. McDonald, 676
S.W.2d 375 (Tex. Crim. App. 1984) (en banc) and State ex rel. Bryan v.
McDonald, 662 S.W.2d 5 (Tex. Crim. App. 1983) (en banc). The McDonald cases
do not support appellant=s argument as they do not address the
issue of preserving error for appeal in a non-plea bargain situation where a
trial court reviews a PSI report after the appellant has pled guilty. As
appellant cites no additional authority to support his argument he did not
waive these issues, and the McDonald cases do not address this issue, we
hold appellant waived issues one and two as he did not raise them before the
trial court. 

          Even
if appellant had preserved these issues for appellate review, the result is the
same as his complaints are without merit. Section 9 of article 42.12 of the
Texas Code of Criminal Procedure specifically provides that a trial court may
review a PSI report when the defendant has pled guilty:

(c)     The judge may not inspect a [PSI] report and
the contents of the [PSI] report may not be disclosed to any person unless:

(1)     the defendant pleads guilty or nolo
contendere or is convicted of the offense; or

(2)     the defendant, in writing, authorizes the
judge to inspect the report.

 

Tex. Code Crim. Proc. Ann. art. 42.12, ' 9(c) (Vernon
Supp. 2006). 








In addition, we have addressed this issue before. This
Court previously held that a defendant=s constitutional
rights were not violated where there was no evidence the judge considered the
PSI report until after the defendant had pled guilty, signed a judicial
confession, and stipulated to the evidence of his guilt. Baldridge v. State,
77 S.W.3d 890, 892 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). There is no
evidence in the record before us the trial court prematurely considered the PSI
report. Appellant=s constitutional rights were not violated,
and his convictions are not void. See id. We overrule appellant=s first and second
issues.

B.      Do
Appellant=s Sentences Violate the Prohibition
Against Cruel and Unusual Punishment?

In his third and fourth issues, appellant argues that the
sentences of 18 months in a state jail and 20 years in prison constitute cruel
and unusual punishment under both the United States and Texas Constitutions as
they are disproportionate to the offenses committed. U.S. Const. amend. VIII; Tex.
Code Crim. Proc. Ann. art. 1.09 (Vernon 2005); Solem v. Helm, 463
U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). The State again
responds that appellant waived this issue as appellant never objected in the
trial court to his sentence. Once again, we agree with the State.

Appellant failed to preserve these complaints for review by
not raising them in the trial court. Nicholas v. State, 56 S.W.3d 760,
768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). As a
prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court. Id. citing Tex. R. App. P. 33.1(a). Appellant did
not object to the sentences as violating his constitutional rights to be free
from cruel and unusual punishment at the time they were announced nor did he
raise these arguments in a post-trial motion. The constitutional right to be
free from cruel and unusual punishment may be waived. Id. citing Solis
v. State, 945 S.W.2d 300, 301 (Tex. App.CHouston [1st
Dist.] 1997, pet. ref=d).








Even if appellant had preserved these issues for appellate
review, the sentences imposed do not constitute cruel and unusual punishment. The
legislature has the power to define crimes and assess punishment. Sompract
v. State, No. 14-02-00271-CR, 2003 WL 297716, at *2 (Tex. App.CHouston [14th
Dist.] Feb. 13, 2003, pet. ref=d) (mem. op., not designated for
publication) citing Jacobs v. State, 80 S.W.3d 631, 633 (Tex. App.CTyler 2002, no
pet.). Punishment that falls within the statutory guidelines is not excessive. Id.
As  long as the punishment assessed by the judge or jury is within the limits
prescribed by statute, the punishment is not cruel and unusual within the
constitutional prohibition. Id. citing Samuel v. State, 477
S.W.2d 611, 614 (Tex. Crim. App. 1972).

Appellant was convicted of possession of less than one gram
of cocaine, a state jail felony, making the range of punishment 180 days to two
years in a state jail with a fine not to exceed $10,000. Tex. Penal Code Ann. ' 12.35; Tex. Health & Safety Code Ann. '481.115. Appellant
was also convicted of possession with intent to deliver less than 200 grams of
cocaine, a first-degree felony with a prior felony enhancement, making the range
of punishment 15 to 99 years in prison with a fine not to exceed $10,000. Tex. Penal Code Ann. ' 12.42(c)(1); Tex. Health & Safety Code Ann. '481.112. The trial
court assessed punishment at 18 months in a state jail and 20 years in prison
with no fine in either case. The sentences were within the statutory limits,
and therefore were not cruel and unusual punishment. Sompract, No.
14-02-00271-CR, 2003 WL 297716, at *2. We overrule appellant=s third and fourth
issues.

C.      Did the
Trial Court Err When It Refused to Sua Sponte Withdraw Appellant=s Guilty Plea?

In his fifth issue in appellate cause number
14-05-00503-CR, appellant argues the trial court erred in failing to sua
sponte withdraw his guilty plea. We disagree.








A trial court is not required to withdraw a guilty plea sua
sponte and enter a plea of not guilty when the defendant enters a plea of
guilty before the court, after waiving a jury, even if evidence is thereafter
adduced that either makes his innocence evident or reasonably and fairly raises
an issue as to guilt. Chowdhury v. State, 2003 WL 1738414, at *1 (Tex.
App.CHouston [14th
Dist.] April 3, 2003, pet. ref=d) (mem. op., not designated for
publication) citing Moon v. State, 572 S.W.2d 681, 682 (Tex.
Crim. App. 1978). It is the trial court=s duty to consider
the evidence submitted and, as the trier of fact, the court may find the
defendant guilty of a lesser offense and assess the appropriate punishment, or
it may find the defendant not guilty. Id. Therefore, it would serve no
valid purpose for the trial court to withdraw the guilty plea and enter a not
guilty plea when the defendant enters a plea of guilty before the trial court
after waiving a jury. Id. citing Solis v. State, 945 S.W.2d at
303. Here, appellant waived his right to a jury trial and pled guilty,
therefore the trial court was not required to sua sponte withdraw the
appellant=s guilty plea.  We overrule appellant=s fifth issue on
appeal.

Conclusion

Having overruled all of appellant=s issues, we
affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 1, 2007.

Panel consists of
Justices Anderson, Hudson, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).  









[1]  Appellant filed separate briefs in each cause, however, the first four
issues are virtually identical in both briefs. In appellate cause number 14-05-00503-CR,
trial court cause number 964842, appellant raised a fifth issue that is not
found in his other brief. However, because the issues raised are so similar, we
address the common issues in both cause numbers together.