Affirmed and Memorandum Opinion filed November 20, 2007








Affirmed and Memorandum Opinion filed November 20, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00829-CR

NO. 14-06-00830-CR

NO. 14-06-00831-CR

NO. 14-06-00832-CR

____________

 

PERRY ROSLAND SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause Nos. 05CR0463,
05CR0464, 05CR0465, 05CR0466

 



 

M E M O R A N D U M   O P I N I O N








Appellant entered pleas of guilty to four felony offenses
and true to two enhancement paragraphs in each indictment.  The indictments
charged aggravated robbery with two enhancements (05CR0463), robbery with two
enhancements (05CR0464), robbery with two enhancements (05CR0465), and
aggravated robbery with two enhancements (05CR0466).  Appellant=s pleas were
entered without an agreed recommendation on punishment.  The trial court held a
punishment hearing and assessed appellant=s punishment at
fifty years= confinement for each offense, the sentences to run
concurrently.  In two issues, appellant contends (1) the evidence is legally
and factually insufficient to support the sentences in three of his
convictions, and (2) the trial court was unfairly influenced in the cases in
which testimony was offered.  We affirm.

Background

At the punishment hearing, two complainants testified about
robberies committed by appellant.  Veronica Delange first testified that she
and Diane Hood were in Delange=s antique shop in downtown Texas City when
appellant came in the door at approximately 3:00 in the afternoon.  Appellant
demanded all of Delange=s money and pushed Hood toward the front
of the store where the cash register was located.  Appellant told both women
that he would kill them if they did not give him all of their money.  When Hood
attempted to run away, appellant hit her and knocked her down.  Delange tried
to help Hood, but appellant hit her in the stomach, which caused Delange to
fall to the floor.  Appellant threatened again to kill both women if they did
not get off of the floor and give him their money.  Appellant pulled the women
to their feet, pushed them toward the cash register, and demanded that they
open the register and give him the money.  Appellant took approximately thirty
dollars from the cash register and took the money from Hood=s purse.  As he
left, appellant picked up the telephone receiver, told the women not to call
the police, and threw the receiver on the floor.  Delange is the complainant in
cause number 05CR0465.  Hood is the complainant in cause number 05CR0464.








Carl Nessler, the complainant in cause number 05CR0463,
testified that appellant walked into his tax services office at approximately
3:00 p.m. on February 14, 2005.  Appellant asked about tax services, then asked
to use the restroom.  When appellant came out of the restroom, he grabbed
Nessler by the collar, shook his fists in Nessler=s face, and said, AThis is a
robbery.  Give me your money.@  Nessler gave appellant the money he had
in his wallet.  Appellant forced Nessler to write his home address on a piece
of paper, and threatened Nessler if he called the police.  Appellant took
Nessler=s pocket knife,
and, as he left, pulled the telephone cord out of the wall.

Following Nessler=s testimony, the
trial court took judicial notice of the indictment in cause number 05CR0466,
which charged appellant with placing Allen Thomas in fear of imminent bodily
injury or death and using or exhibiting a deadly weapon in the course of a
robbery.

Legal and Factual Sufficiency

In his first issue, appellant contends the evidence is
legally and factually insufficient to support a sentence of fifty years in
cause numbers 05CR0464, 05CR0466, and 05CR0467.[1] 
Appellant=s argument under this issue rests on the prosecutor=s statement at the
beginning of the punishment hearing that, AThere are two
other cases, Your Honor, that we are not going to offer punishment evidence on
for various reasons.@  Appellant contends that because the
State failed to produce punishment evidence on two of the robbery convictions,
the evidence is legally and factually insufficient to support his sentences.








Initially, we address whether a sufficiency of the evidence
review is appropriate in the context of a complaint about punishment.  When
reviewing the legal sufficiency of the evidence, this court determines Awhether, after
reviewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.@  Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  The Court of Criminal Appeals
extended factual sufficiency review to include Athe elements of
the offense.@  Clewis v. State, 922 S.W.2d 126, 136 (Tex.
Crim. App. 1996).  The determination of the elements of the offense, however,
is different from the assessment of the amount of punishment.  Bradfield v.
State, 42 S.W.3d 350, 352 (Tex. App.CEastland 2001,
pet. ref=d).  When
assessing punishment, guilt has been decided and the focus of the factfinder is
determining the appropriate consequences for that guilt.  Id.  There is
no requirement of Asufficient evidence@ to support
sentencing.  A[B]y and large there are no discreet factual issues at
the punishment stage.@  Miller-El v. State, 787 S.W.2d
892, 895B96 (Tex. Crim.
App. 1990).  Appellate courts only review the sufficiency of the evidence in a
punishment context where there is an issue of fact to be decided by the factfinder
such as the mitigation issues in a capital case.  See Wardrip v. State,
56 S.W.3d 588, 590B91 (Tex. Crim. App. 2001) (Jury=s finding on
deliberateness can be reviewed for sufficiency because it is a finding of
historical fact).  To conduct a legal or factual sufficiency review of the
determination of punishment, we must extend the standards announced in Jackson
and Clewis, and we decline to do so.  Appellant=s first issue is
overruled.

Punishment

In his second issue, appellant contends the trial court was
unfairly influenced because no testimony was offered during the punishment
hearing with regard to one of the offenses.  Appellant made no objection to his
punishment at the trial court.  By failing to raise the issue of unfair
punishment, appellant waived error on appeal.  Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996).  

Further, even if appellant had preserved review, his
sentences were within the statutory range and are not excessive.  The
legislature defines crimes and prescribes penalties.  Jacobs v. State,
80 S.W.3d 631, 633 (Tex. App.CTyler 2002, no pet.).  Punishment that
falls within the statutory guidelines is not excessive, cruel or unusual.  Id. 
As long as the punishment assessed by the judge or jury was Awithin the limits
prescribed by the statute the punishment is not cruel and unusual within the
constitutional prohibition.@  Samuel v. State, 477 S.W.2d 611,
614 (Tex. Crim. App. 1972); see also Servin v. State, 745 S.W.2d 40, 41B42 (Tex. App.CHouston [14th
Dist.] 1987, no writ).








Appellant entered pleas of guilty to four felony offenses
of robbery and aggravated robbery and true to two enhancement paragraphs in each
indictment.  At the punishment hearing, the trial court heard direct testimony
from the victims of two of the robberies, and evidence from Delange about the
robbery of Hood.  Before assessing punishment, the trial court reviewed not
only the witnesses= testimony, but the photographs, medical
records, and penitentiary packets admitted into evidence.  The range of
punishment for each offense is twenty-five years to life.  See Tex. Penal Code Ann. ' 12.42(4)(d).  The
trial court assessed appellant=s punishment at fifty years= confinement, well
within the statutory range.  Therefore, appellant=s punishment is
not excessive and we overrule his second issue.

The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 20, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellant specifically lists three cause numbers, two
of which are part of this appeal.  The third cause number, 05CR0467, references
a case that was dismissed in March, 2005.