# NO. 12-09-00235-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANIEL GUZMAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Daniel Guzman appeals his sentence following his conviction for aggravated robbery after the trial court proceeded to revoke his deferred adjudication community supervision and adjudicate his guilt. In a single issue, Appellant argues that the evidence is factually insufficient to support his punishment and that his sentence constitutes cruel and unusual punishment. We affirm.

### BACKGROUND

On January 20, 2009, Appellant was sentenced to five years of deferred adjudication community supervision ("community supervision") for aggravated robbery, a first degree felony. Among other things, the terms of Appellant's community supervision required him to "commit no offense against the laws of this state," to refrain from drinking or possessing alcoholic beverages at any time, and to conduct six hours of community service each month until he reached 320 hours, measured from February, 2009.

On April 18, 2009, Appellant was arrested for public intoxication after consuming alcohol. Following his arrest, Appellant's community supervision officer recommended that the court amend the terms of his community supervision by requiring him to submit to an alcohol treatment program and to complete the Lifeskills Program. The trial court signed an order adding the requested conditions. On June 2, 2009, Appellant was arrested a second time for operating a motor vehicle without a license. Appellant also

failed to complete his community service requirement for the months of February, April, and May 2009.

Consequently, the State filed its "Application to Proceed to Final Adjudication," asking the court to revoke Appellant's community supervision, adjudicate his guilt on the underlying aggravated robbery offense, and assess punishment. Appellant pleaded "true" to all three alleged violations of his community supervision. After a hearing, the trial court revoked Appellant's community supervision, found him guilty of the underlying aggravated robbery offense, and assessed punishment at fifteen years of imprisonment. Appellant timely appealed.

**PUNISHMENT**

Appellant, in a single multifarious issue, contends that the evidence was factually insufficient to support the assessed sentence, and that the length of his sentence was "harsh and excessive" under the circumstances.

## Factual Sufficiency – Punishment Evidence

Appellant contends that "the standard of review for factual sufficiency is similar to the sufficiency, or lack thereof, of the evidence, considered by the Trial Court to hand down such a harsh sentence on Appellant." He argues that we "must consider whether the great weight and preponderance of the evidence is sufficient to justify a remand for a new trial." We construe Appellant's arguments as a challenge to the factual sufficiency of the evidence on punishment.

A factual sufficiency review of the evidence supporting the assessment of punishment is inappropriate. *See Robertson v. State*, 245 S.W.3d 545, 548-49 (Tex. App.—Tyler 2007, pet. ref'd); *see also Bradfield v. State*, 42 S.W.3d 350, 351 (Tex. App.—Eastland 2001, pet. ref'd). To the extent that Appellant challenges the factual sufficiency of the punishment evidence, his sole issue is overruled.

## Cruel and Unusual Punishment

Appellant also argues that the public intoxication and driving without a license arrests were not severe enough to warrant such a "harsh and excessive sentence" for the underlying aggravated robbery offense. We construe this as a constitutional claim that the sentence was disproportionate to the underlying offense for which he was convicted.

Appellant did not object to his sentence when it was assessed. Because Appellant did not raise this objection in the trial court, he has not preserved the issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *See Schneider v. State*, 645 S.W.2d 463, 466 (Tex.

Crim. App. 1983); *Jacobs v. State*, 80 S.W.3d 631, 632-33 (Tex. App.—Tyler 2002, no pet.).

But even if Appellant had preserved this complaint for review, he still would not prevail. Where deferred adjudication community supervision is revoked, the trial court may generally impose any punishment authorized by statute within the statutory range. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per curiam); *Jackson*, 680 S.W.2d at 814. Appellant was convicted of aggravated robbery, a first degree felony, with a possible punishment of life or any term of not more than ninety-nine years or less than five years. *See* TEX. PENAL CODE ANN. §§ 12.32 (Vernon Supp. 2009); 29.03 (Vernon 2003). He was sentenced to fifteen years of imprisonment, which is within the statutory range.

Appellant concedes that his punishment is within the statutory range, but he implicitly contends it is grossly disproportionate to the facts of this case in violation of the Eighth Amendment. *See* U.S. CONST. amend. VIII; *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983).[1] The proportionality of a sentence is evaluated by considering 1) the gravity of the offense and the harshness of the penalty, 2) the sentences imposed on other criminals in the same jurisdiction, and 3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Unless Appellant establishes that his sentence is grossly disproportionate to his crime, we need not address the second and third criteria set out in *Solem*. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *see also Robertson v. State*, 245 S.W.3d 545, 549 (Tex. App.—Tyler 2007, pet. ref'd).

In determining whether Appellant's sentence is grossly disproportionate, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). After considering the facts of the instant case in light of *Rummel*, we conclude that Appellant's sentence was not unconstitutionally disproportionate. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35 (holding that life sentence is not cruel and unusual punishment for obtaining $120.75 by false pretenses where appellant had a prior felony conviction for fraudulent use of credit card to obtain $80 worth of goods or services and another for passing a forged check in amount of $28.36). Absent a threshold showing of

---

[1] Texas courts have consistently concluded that there is no significant difference between the United States and Texas constitutional provisions prohibiting cruel and unusual punishment. *See, e.g., Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (comparing Texas Constitution article I, section 13 with United States Constitution amendment VIII).

disproportionality, we need not address the second and third *Solem* criteria.  Therefore, we cannot conclude that Appellant's sentence constituted cruel and unusual punishment. The remainder of Appellant's sole issue is overruled.

### DISPOSITION

We *affirm* the judgment of the trial court.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered May 5, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

4